THE MORGAN MILLWORK COMPANY, a Maryland corporation,

*vs.*

HIGHWAY TRUCK DRIVERS AND HELPERS, A. F. OF L. LOCAL No. 107, an unincorporated association.

*New Castle, January 12, 1955.*

*Joseph H. Flanzer, Robert C. Barab,* Wilmington, for plaintiff.

*David B. Coxe, Jr., Robert B. Walls, Jr.,* Wilmington, for defendant.

SEITZ, Chancellor: Plaintiff seeks a temporary restraining order to prevent admittedly peaceful picketing of its place of business.

Plaintiff's complaint shows that it had an agreement with defendant union which expired December 31, 1954. The agreement covered three drivers who were members of the union. They drove

a fleet of three trucks which were used by plaintiff to deliver millwork to its customers.

Plaintiff claims that last Friday (January 7, 1955) it terminated the aspect of the business with which defendant's members were connected and also terminated their services. On the same date it sold its trucks and entered into a contract with the purchaser to handle future deliveries. At that time the drivers were working without contract, the contract having expired, as indicated, on December 31, 1954.

On Monday, January 10, 1955, some of defendant's members started to picket plaintiff's place of business. They carried signs bearing the legend "on strike" or "strike".

Plaintiff contends that the picketing is unlawful and should be enjoined for the following reasons:

1. There is no employer-employee relationship between plaintiff and any member of defendant,

2. Plaintiff does not now employ truck drivers nor does it intend to in the future,

3. There is no lawful strike because there is no labor dispute,

4. The strike is illegal because defendant failed and refused to negotiate with plaintiff for renewal of the contract between plaintiff and defendant,

5. The signs carried by the pickets stating "strike" are misleading because there is no labor dispute between plaintiff and its employees.

Defendant says that this court does not have jurisdiction because plaintiff is admittedly engaged in interstate commerce and there is no force or violence involved. But, in any event, says defendant, this is a labor dispute and not a case of a bona fide termination of business.

Special considerations aside, I have no doubt that the ordinary employer may freely terminate any aspect of his business. I further agree that a strike in such a situation would be unlawful. That was the situation in *Freydberg, Inc. v. Garment Workers, Sup.,* 128

N.Y.S.2d 470. Although the New York court decided that the Federal Labor Act would not provide a remedy in such a situation, I need not decide that point.

■ Here, plaintiff is admittedly engaged in interstate commerce and the picketing is admittedly peaceful. Moreover, the alleged termination of the business and the employees' services is so intimately bound up with the failure of the parties to enter into a new agreement that I believe it might well come within the cognizance of the National Labor Relations Board. Furthermore, the sequence of events alleged does not reveal a decision to terminate the business for reasons unrelated to these labor difficulties. While that fact would not prevent termination of the business, it certainly would be a fact for consideration in determining whether or not there was a labor dispute cognizable under the Federal Labor Act.

But assuming that this court has jurisdiction, it is not at all clear to me that under the circumstances here presented, a court of equity should preliminarily resolve the good faith termination issue in plaintiff's favor. But that would be the effect of granting a restraining order at this stage.

I therefore conclude that because of my doubt as to jurisdiction and as to plaintiff's right to relief in any event, the status of the parties should not be altered by a restraining order. If plaintiff desires, I shall issue a preliminary injunction rule and consider this matter more fully upon an accelerated schedule.

An order will therefore be entered refusing the restraining order.

Order on notice.