The Morgan Millwork Company, a Maryland corporation,

*vs.*

Highway Truck Drivers and Helpers, A. F. of L. Local No. 107, an unincorporated association.

*New Castle, March 25, 1955.*

*Joseph H. Flanzer* and *Robert C. Barab,* Wilmington, and *Jacob Blum,* Baltimore, Md., for plaintiff.

*David B. Coxe, Jr.,* and *Robert B. Walls, Jr.,* Wilmington, for defendant.

Seitz, Chancellor: This matter first came before this Court on plaintiff employer's application for a temporary restraining order to prevent admittedly peaceful picketing by the defendant union. A restraining order was denied because of the Court's doubt concerning its jurisdiction and because of its doubt, in any event, as to plaintiff's right to relief. See *Morgan Millwork Co. v. Highway Truck Drivers*

*& Helpers, ante p.* 65, 110 *A.2d* 444. Thereafter the matter came on for a final hearing and this is the decision thereon.

Plaintiff employer claims that the evidence clearly shows that it has in good faith terminated that aspect of the business for which the defendant union's employees were employed. Plaintiff says that it is therefore entitled to have this Court enjoin the defendant's unlawful picketing.

Defendant contends that the complaint should be dismissed on two grounds: (1) this Court lacks jurisdiction and (2) if this Court has jurisdiction, there is no merit to plaintiff's case.

I first consider defendant's jurisdictional objection. The Union says that plaintiff's attempted termination of its business came about solely as a result of a dispute with the Union over such things as the company versus union welfare fund and the necessity of dealing directly with the Philadelphia rather than the local union officials. Defendant asserts that plaintiff's termination under such circumstances was an unfair labor practice as defined by the Federal Act, 29 *U.S.C.A.* § 158(a) (1) viz.: "(1) interference, restraint and coercion of the employees in the exercise of their rights". Defendant also charges plaintiff with a failure to bargain in good faith contrary to § 158(a) (5), as well as an unfair labor practice under § 158(a) (3).

Plaintiff is admittedly engaged in interstate commerce. At least two of the charges [those under 158(a) (1) and (a) (5)] here asserted defensively by the Union are not frivolous as I read the Federal Court decisions construing the National Labor Relations Act. It is thus apparent that if the defendant union had brought these charges against plaintiff before the N.L.R.B., that Board would clearly have had sole jurisdiction to decide such issues. Compare *Garner v. Teamsters, Chauffeurs and Helpers,* 346 *U.S.* 485, 74 *S.Ct.* 161, 98 *L.Ed.* 228.

But does an employer have a remedy under the Federal Act against the Union where he contends that he has legally, i. e., in good faith, gone out of that phase of the business with which the Union

was formerly concerned and the Union without bringing charges before the N.L.R.B., continues to picket his business? First off, it certainly seems reasonable to conclude that since "employees" continue as such under the N.L.R.B. for the purpose of determining whether an employer has been guilty of an unfair labor practice, 29 U.S.C.A. § 152(3), N.L.R.B. v. Cape County Milling Co., 8 Cir., 140 F.2d 543, 152 A.L.R. 144, they also do so for the purpose of determining whether they themselves have been guilty of an unfair labor practice under the Federal Act. But this does not solve the problem because we still must determine whether the defendant's picketing would constitute an unfair labor practice under the Federal Act if the Board should conclude that plaintiff terminated his business without violating the Federal Act.

I have read the pertinent provisions of the Federal Act and I cannot find statutory language which would seem to make such picketing an unfair labor practice by the Union even though the Board should also determine that the employer had legally terminated that aspect of the business. See G., H. & E. Freydberg, Inc. v. International Ladies' Garment Workers, Sup., 128 N.Y.S.2d 470. To summarize, it seems that the Board would have jurisdiction to hear this type of dispute if the Union should file a complaint charging the violations here asserted defensively. Yet it does not appear under the Federal Act that an employer who terminated his business in good faith could obtain relief against the Union either by way of a complaint against the Union or even if he successfully defended against the Union's charges before the Board.

It is manifest to this Court that if an employer so situated can prove that the business termination was lawful he should be granted relief in some forum.

I therefore conclude that this Court has jurisdiction of this cause because plaintiff has no remedy before the N.L.R.B. in this type of case. However, I conclude that when a Union asserts in this Court by way of defense that the plaintiff employer has been guilty of certain unfair labor practices in violation of the Federal Law and they are not frivolous, such defenses are more properly

matters for the determination of the N.L.R.B. I believe the defendant should first be given an opportunity to have its defenses determined by the N.L.R.B. I will stay proceedings on the condition that the Union file the charges before the N.L.R.B. within ten days from the date of the order hereon. If this is not done or if the Board declines to act then this Court will proceed to determine the merits of the controversy at once, otherwise the Court will await the action of the Board.

I think this course of action not only constitutes a fair accommodation of the interests of the parties but of the Federal and State governments as well.

Order on notice.